**FILED**
**October 26, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Bennie Ray Roberts,**
**Plaintiff Below, Petitioner**

**vs.)   No. 21-0756** (Kanawha County 21-P-221)

**Russell Maston, Superintendent, St.**
**Marys Correctional Center, et al.,**
**Defendants Below, Respondents**

**MEMORANDUM DECISION**

Petitioner Bennie Ray Roberts appeals the September 7, 2021, order of the Circuit Court of Kanawha County dismissing his civil action—filed pursuant to Title 42, section 1983 of the United States Code—for a failure to state a claim upon which relief can be granted.[1] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate pursuant to Rule 21 of the West Virginia Rules of Appellate Procedure.

Following a jury trial in October of 2008, petitioner was convicted of first-degree murder in the Circuit Court of Mercer County. The jury made a recommendation of mercy. Accordingly, the circuit court sentenced petitioner to a life term of incarceration with the possibility of parole after fifteen years. Petitioner appealed his conviction, and this Court, by order entered on January 28, 2010, refused petitioner's appeal.

---

[1]Petitioner is self-represented. Respondents Russell Maston, Superintendent, St. Marys Correctional Center; The Honorable William J. Sadler, Judge of the Circuit Court of Mercer County; Corporal Tension, West Virginia State Police; Sergeant Long, West Virginia State Police; and "John Doe," an employee of the West Virginia State Police Forensic Laboratory appear by counsel Charles R. Bailey and Katherine H. Arritt.

Petitioner also named as defendants Scott Ash, the former Prosecuting Attorney of Mercer County, and "[the] wife of [the] victim in [petitioner's criminal] case." Neither Attorney Ash nor the victim's wife filed a response to petitioner's appeal.

1

Subsequently, petitioner filed two petitions for a writ of habeas corpus in the Circuit Court of Mercer County. During petitioner's first habeas proceeding, the circuit court appointed habeas counsel to represent him and held an omnibus evidentiary hearing on March 2, 2012. Thereafter, the circuit court, by order entered on June 6, 2012, denied petitioner's first habeas petition. Petitioner appealed that denial, and this Court affirmed the denial of that habeas petition in *Roberts v. Ballard* ("*Roberts I*"), No. 12-0782, 2013 WL 2300943 (W. Va. May 24, 2013) (memorandum decision).

In petitioner's second habeas proceeding, he asserted that habeas counsel in *Roberts I* provided him with ineffective assistance. The Circuit Court of Mercer County, by order entered on January 6, 2016, rejected that claim and denied petitioner's second habeas petition. Petitioner appealed the circuit court's June 6, 2012, order. In affirming the denial of petitioner's second petition, we found in *Roberts v. Ballard* ("*Roberts II*"), No. 16-0120, 2016 WL 5348349 (W. Va. Sept. 23, 2016) (memorandum decision), that "the record shows to our satisfaction that petitioner is entitled to no habeas relief[.]" *Id.* at *3.

On July 1, 2021, petitioner filed a civil action against respondents—pursuant to Title 42, section 1983 of the United States Code[2]—in the Circuit Court of Kanawha County, alleging his conviction was invalid. Petitioner sought compensatory damages for the harm caused by "a false conviction." In the alternative, petitioner sought nominal damages if no injury was proven. Petitioner also sought punitive damages.

The circuit court, by order entered on September 7, 2021, found that petitioner's complaint "attempt[s] to show his innocence" but found that, based upon the same allegations in petitioner's complaint, his habeas petitions in *Roberts I* and *Roberts II* were denied.[3] Accordingly, the circuit court dismissed petitioner's complaint for a failure to state a claim upon which relief can be granted.

Petitioner now appeals the circuit court's September 7, 2021, order dismissing his section 1983 civil action. Respondents counter that the dismissal of petitioner's action was proper. We review the dismissal of petitioner's action de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick*, 194 W. Va. 770, 461 S.E.2d 516 (1995). The sufficiency of a complaint

---

[2]Title 42, section 1983 of the United States Code provides, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

[3]The circuit court reviewed petitioner's complaint pursuant to the West Virginia Prisoner Litigation Reform Act, West Virginia Code §§ 25-1A-1 to -9.

may be tested pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. *See Newton v. Morgantown Mach. & Hydraulics of W. Va., Inc.*, 242 W. Va. 650, 653, 838 S.E.2d 734, 737 (2019). Rule 12(b)(6) provides that an action may be dismissed for "[a] failure to state a claim upon which relief can be granted."

As Title 42, section 1983 of the United States Code is a federal law, *see Hutchison v. City of Huntington*, 198 W. Va. 139, 147, 479 S.E.2d 649, 657 (1996), we find that the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), disposes of petitioner's appeal. The Supreme Court in *Heck* held that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [section] 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, [or] declared invalid by a state tribunal authorized to make such determination . . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under [section] 1983.

*Id.* at *486-87 (footnote and emphasis omitted).

Here, petitioner sought monetary damages for an allegedly false conviction, but, as the circuit court found, his habeas petitions in *Roberts I* and *Roberts II* were denied. Therefore, pursuant to *Heck*, we conclude that the circuit court properly dismissed petitioner's section 1983 action for a failure to state a claim upon which relief can be granted. *See Nance v. Ward*, 142 S.Ct. 2214, 2222 (2022) (noting that *Heck* bars section 1983 actions seeking money damages where the underlying conviction has not been declared invalid in a habeas or other appropriate proceeding).

For the foregoing reasons, we affirm the September 7, 2021, order of the Circuit Court of Kanawha County dismissing petitioner's civil action.

Affirmed.

**ISSUED**: October 26, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn